# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs on April 8, 2008

## DAVID LEE COOK v. GLEN TURNER, WARDEN
## (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 05-02-0095     Joseph Walker, Judge**

---

**No. W2007-02363-CCA-R3-HC  - Filed June 25, 2008**

---

The petitioner, David Lee Cook, appeals the circuit court's order summarily dismissing his pro se petition for writ of habeas corpus. Following our review of the record and applicable law, we affirm the circuit court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

David Lee Cook, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

This is an appeal from the circuit court's order summarily dismissing the petitioner's habeas corpus petition. The petitioner's attached judgments of conviction reflect that in 1996 the petitioner entered  "no contest" guilty pleas to one count of rape and one count of aggravated burglary in Sullivan County, Tennessee.  The petitioner was sentenced to fifteen years and six years, respectively.  The petitioner was ordered to serve his sentences concurrent with each other and concurrent with a "Florida sentence" he was serving at the time the judgments were entered in 1996.

On October 12, 2005, the petitioner filed a pro se petition for writ of habeas corpus alleging that the concurrent sentences he received following the entry of his guilty pleas for rape and aggravated burglary were illegal and void due to the fact that he committed the offenses while on parole from previous felony convictions. The petitioner argued his concurrent sentences were illegal and void because they were imposed in contravention of Tennessee Code Annotated section 40-28-123 and Tennessee Rule of Criminal Procedure 32(c)(3), which mandates consecutive sentences under such circumstances. In support of his allegation, the petitioner submitted copies of

his judgments of convictions for rape and aggravated burglary in Sullivan County, Tennessee; a 2004 Notice of Board Action: Post-Parole Rescission Hearing; and a 1994 Parole Violation Report.

The circuit court, by written order, noted that the petitioner's claim that he was on parole from Florida when he committed the offenses to which he pled guilty needed to be sent to the Attorney General's Office for a response. However, the Attorney General's Office did not receive a copy of the petition. On October 25, 2005, the petitioner filed a motion to clarify, alleging that his sentence was void due to him being on parole from "previous felony charges in Sullivan County, [Tennessee]." Over a year later, the Attorney General's Office received information regarding the petitioner's petition and filed a response. The state argued *inter alia* that the petitioner failed to prove that he was out on parole from his Florida convictions in 1994 when he committed the felony offenses in Sullivan County, Tennessee. Thereafter, the circuit court summarily dismissed the petition, stating in part:

> The petitioner alleges his sentences are illegal because he committed the Sullivan County offenses while on parole from Florida judgments. . . . The petitioner has not attached to his petition anything showing that he was on parole on the date of the commission of the Sullivan County offenses. The judgment forms attached do not suggest that the petitioner was on parole in 1994 when he committed the Sullivan County offenses.

The petitioner appealed.

## ANALYSIS

The determination of whether to grant relief upon review of a petition for habeas corpus is a question of law. *Hart v. State*, 21 S.W.3d. 901, 903 (Tenn. 2000). Accordingly, review is de novo with no presumption of correctness given to the findings of the lower court. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt*

*v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In this appeal, the petitioner first asserts that both the state and the circuit court misconstrued his argument as being that his sentences for rape and aggravated burglary were void because he was on parole from "Florida felonies" when he committed the offenses of rape and aggravated burglary. The petitioner insists on appeal that he clearly articulated in his petition and subsequent motion for clarification that he committed the offenses of rape and aggravated burglary while he was on parole from previous felony convictions of especially aggravated robbery and aggravated robbery, committed in Sullivan County, Tennessee. Therefore, the imposition of concurrent sentencing resulted in a void judgment. In response, the state concedes that it and the circuit court misconstrued the petitioner's argument. However, the state asserts that the circuit court's dismissal was proper as the petitioner failed to prove that the trial court had notice of the petitioner's parole status at the time the petitioner pled guilty and was sentenced in 1996.

A review of the petitioner's submitted judgments of conviction indicates that the petitioner committed the offenses of rape and aggravated burglary on October 27, 1994. He pled guilty to these offenses and was sentenced in March of 1996. The submitted judgments of conviction reflect a notation that the petitioner would serve his rape and aggravated burglary convictions concurrent with each other and concurrent with the "Florida sentence [the petitioner] is now serving." The petitioner also submitted two documents: (1) a four-page parole violation report issued on November 30, 1994, by the Tennessee Parole Board; and (2) a notice of board action from the Tennessee Parole Board, dated December 14, 2004, detailing the action taken at the defendant's parole revocation hearing. The documents appear to indicate that the petitioner was paroled on August 21, 1992, from convictions of especially aggravated robbery and aggravated robbery. Subsequently, he violated his parole when he committed the offenses of rape and aggravated burglary in Tennessee and various felony offenses in Florida in 1994.

Tennessee Code Annotated section 40-28-123(a) states in relevant part:

Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole.

Also, Tennessee Rule of Criminal Procedure 32(c)(3)(A) provides:

When a [petitioner] is convicted of multiple offenses from one trial or when the [petitioner] has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply: (A) to a sentence for a felony committed while on parole for a felony.

-3-

Based upon our de novo review of the available record, we conclude that the petitioner is not entitled to habeas corpus relief. The judgments for the petitioner's 1994 convictions for rape and aggravated burglary are silent as to whether the sentences were to be served concurrently or consecutively to his prior sentences stemming from his Tennessee convictions of especially aggravated robbery and aggravated robbery. Also, the 1994 judgments do not reference the petitioner's prior Tennessee convictions or parole status. As noted, "[b]oth Tennessee Code Annotated section 40-28-123(a) and Rule 32(c)(3)(A) require that sentences for felonies committed while on parole be served consecutively to the sentence remaining for the paroled offense." *Hogan*, 168 S.W.3d at 756. Significantly, "Rule 32(c)(3) mandates that new sentences run consecutively to the prior sentence 'whether the judgment explicitly so orders or not.'" *Id.* Given that the petitioner's 1994 judgments are silent, it is presumed that the petitioner must serve his sentences for rape and aggravated burglary consecutively to the prior felony sentences he committed in Tennessee while on parole. Simply put, the submitted judgments of conviction do not reflect an illegal sentence upon which habeas corpus relief may be granted. Accordingly, we conclude that the circuit court's summary dismissal of the petitioner's habeas corpus petition was proper because no illegality is evident on the face of the judgments.

_____
J.C. McLIN, JUDGE